# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD LYNN DELONEY,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 76226

**FILED**

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying Donald Lynn Deloney's postconviction petition for a writ of habeas corpus.[1] Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Deloney argues that the district court erred in denying his petition because he is entitled to have the credits he earns under NRS 209.4465 applied to the minimum term of his aggregated sentence for first-degree murder with the use of a deadly weapon. We disagree.

---

[1]We conclude that a response to Deloney's pro se brief is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3). We decline to consider the constitutional challenges that Deloney asserts in his appellate brief because they were not presented to the district court. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (observing that appellant in postconviction case could not "change [the] theory underlying an assignment of error on appeal").

 

NRS 209.4465(7)(b) provides as a general rule that statutory credits apply to the minimum term of a sentence unless the sentencing statute specifies a minimum term that must be served before parole eligibility.[2] *Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1262 (2017) (discussing NRS 209.4465(7)(b)). Here, Deloney was convicted of first-degree murder with the use of a deadly weapon.

For murder, Deloney was sentenced pursuant to NRS 200.030(4)(b)(2) to "life with the possibility of parole, *with eligibility for parole beginning when a minimum of 20 years has been served.*" (Emphasis added.) The emphasized language "expressly requires a particular sentence [20 years] be served before a person becomes eligible for parole." *Williams,* 133 Nev., Adv. Op. 75, 402 P.3d at 1263 (characterizing statues written this way as "parole-eligibility statutes," pointing to NRS 200.030(4)(b)(2) as an example of a "parole-eligibility statute"). Accordingly, the district court correctly concluded that NRS 209.4465(7)(b) prohibits respondent from applying Deloney's statutory credits to the minimum term of his murder sentence.

For using a deadly weapon in the commission of the murder, NRS 193.165 required that Deloney also be sentenced to "a term *equal to* and in addition to *the term of imprisonment prescribed by statute for the crime.*"[3] 1995 Nev. Stat., ch. 455, § 1, at 1431 (emphases added). Contrary

---

[2]We do not address the exceptions to NRS 209.4465(7)(b) set forth in NRS 209.4465(8) because the offense at issue in this case was committed in 2006, before the effective date of the 2007 amendments to NRS 209.4465 that added subsection 8.

[3]We rely on the version of NRS 193.165 that was in effect when Deloney committed the murder in 2006. *See State v. Second Judicial Dist.*

to Deloney's suggestions, the word "crime" referenced in the emphasized language is not vague or ambiguous. It clearly refers to the crime during which the offender used the deadly weapon. *Id.* ("[A]ny person who uses a firearm or other deadly weapon . . . *in the commission of a crime* shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment *prescribed by statute for the crime.*" (emphases added)). Here, that crime is murder. Deloney therefore was sentenced for the deadly weapon enhancement to a term that was equal to his murder sentence—life in prison with the possibility of parole, with eligibility for parole beginning when a minimum of 20 years has been served. So for purposes of NRS 209.4465(7)(b), Deloney was sentenced for the deadly weapon enhancement pursuant to NRS 200.030(4)(b)(2). As explained above, NRS 200.030(4)(b)(2) is a parole-eligibility statute and therefore credits cannot be deducted from the minimum term of Deloney's sentence for the deadly weapon enhancement. NRS 209.4465(7)(b). Accordingly, the district court correctly concluded that NRS 209.4465(7)(b) precludes respondent from applying Deloney's statutory credits to the minimum term of his weapon enhancement sentence.

---

*Court (Pullin)*, 124 Nev. 564, 188 P.3d 1079 (2008) (holding that the 2007 amendments to NRS 193.165 do not apply to offenses committed before its effective date). As such, there is no ex post facto issue. *See Weaver v. Graham*, 450 U.S. 24, 29 (1981) (explaining that one of the two "critical elements [that] must be present for a criminal or penal law to be *ex post facto* [is that] it must be retrospective, that is, it must apply to events occurring *before* its enactment" (second emphasis added)).

Having concluded that the district court did not err in denying the postconviction petition, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:     Hon. Jim C. Shirley, District Judge
        Donald Lynn Deloney
        Attorney General/Carson City
        Pershing County Clerk